James Collins Jones, Trustee, *v.* Beverly English & Son. S. Strouse & Co.'s Appeal.

Henry J. Braker *v.* Beverly English & Son. S. Strouse & Co.'s Appeal.

*Judgment—Issue to determine validity of judgment—Attachment under act of* 1869.

On an application by an attaching creditor for an order upon the sheriff to pay into court the proceeds of a sheriff's sale, and for an issue to determine the validity of the judgment under which the sale is made, the findings of the lower court are entitled to the greatest weight, and will not be set aside by the Supreme Court except for manifest error.

Where several executions are prior in lien to an attachment under the act of March 17, 1869, and one of the executions is under a judgment, the validity of which is not disputed, and the amount of which is larger than the proceeds of the sale, the attaching creditor has no standing to have the money paid into court, as such action would not benefit him, and would seriously prejudice the rights of the owner of the judgment entitled to the fund.

Argued April 8, 1895.   Appeals, Nos. 232 and 233, July T., 1894, by S. Strouse & Co., from orders of C. P. No. 1, Phila. Co., March T., 1894, Nos. 613 and 614, discharging rules to show cause why proceeds of sheriff's sale should not be paid · into court and feigned issues awarded to test the validity of the judgments.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Petition for order on sheriff to pay money into court and for issues to determine the validity of certain judgments.

From the record it appeared that appellants on March 29, 1894, issued an attachment under the act of 1869, and attached the stock of goods and other personal property of the defendants.   Prior to the date of the attachment this property had been levied upon under sundry writs of fieri facias, issued on March 21, 1894, upon four judgments.   The judgment in favor of James Collins Jones, trustee, was for $8,850, of which the validity of $8,000 was not disputed.   The amount realized by the sale was about $6,000.   The petitioners alleged fraud in the action of defendants in confessing the judgments.

The court after hearing testimony discharged the rule for the payment of the fund realized from the sheriff's sale into court and for the awarding of feigned issues to determine the validity of the judgments in dispute.

*Error assigned* was above order.

*John Sparhawk, Jr.*, for appellants.—If any one of these judgments is successfully attacked, the proceeds of the sheriff's sale applicable to such judgment will not go to the creditor next in order of lien, but to the attaching creditor, who successfully impugns its validity and sets it aside : Shulze's App., 1 Pa. 251 ; Schick's App., 49 Pa. 380 ; Brown v. Parkinson, 56 Pa. 336 ; Henderson v. Henderson, 133 Pa. 399 ; Schwartz & Graff's App., 21 W. N. C. 246.

*James Collins Jones, Edward L. Perkins* and *Lewin W. Barringer* with him, for appellee.—Appellant has no standing to contest the validity of the judgments or to have the fund paid into court: Shulze's App., 1 Pa. 251 ; Schick's App., 49 Pa. 380 ; Jacoby's Est., 67 Pa. 434 ; Henderson v. Henderson, 133 Pa. 399 ; Fowler's App., 87 Pa. 449.

### JONES v. ENGLISH.

OPINION BY MR. JUSTICE FELL, May 27, 1895:

The appellants caused attachments under the act of 1869 to issue against the property of the defendants and obtained rules upon the plaintiff and other execution creditors to show cause why the funds realized by the sheriff's sale of the defendants' property should not be paid into court and issues awarded to determine the validity of the judgments. Depositions, which cover ninety pages of the paper-book, were taken, and after hearing the rules were discharged. The appeal is from this action of the court.

It would require very clear evidence of error to justify a reversal of the order made. In reaching conclusions as to the facts the learned judges who heard and decided the cases in the Common Pleas have advantages which we have not, and their findings are entitled to the greatest weight and should not be set aside except for manifest error.

The facts which appear on the face of the proceedings are conclusive against the appellants. Their only standing was that of attaching creditors. There were four executions prior in lien to their attachment. These executions were for an aggregate amount of over $20,000, and the fund realized by the sheriff's sale was but $6,000. One of the judgments was for $8,850, and to the amount of $8,000 it was not impeached. The fund in the hands of the sheriff was not sufficient to pay this judgment, and whatever success the appellants might have in attacking other judgments they would not be entitled to take any part of the fund. There was then no reason why the money should have been paid into court upon their application. It would not have benefited them, and it would have seriously prejudiced the rights of the owner of the judgment entitled to the fund.

The order of the court is affirmed at the cost of the appellant.

### BRAKER v. ENGLISH.

OPINION BY MR. JUSTICE FELL, May 27, 1895:

For the reason stated in the opinion in Jones, Trustee, v. English & Son, the order of the court in this case is affirmed at the cost of the appellant.